UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| RICHARD B. SALTZMAN; BETTE A SALTZMAN; LEE S. SALTZMAN AS TRUSTEE OF RICHARD B. SALTZMAN 2020 FAMILY TRUST;<br>Plaintiffs,<br><br>V.<br><br>MARTHA'S VINEYARD CONSTRUCTION COMPANY, INC.;<br>Defendant | **COMPLAINT AND JURY DEMAND** |

The Plaintiffs Richard B. Saltzman, Bette A Saltzman, and Lee S. Saltzman as Trustee of the Richard B. Saltzman 2020 Family Trust; by and through their undersigned counsel; bring this Complaint against Defendant Martha's Vineyard Construction Company, Inc. and, in support thereof, aver and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

3. The Plaintiffs Bette A Saltzman & Richard B. Saltzman are husband and wife and maintain their domicile in New York, New York and a residence at 65 King Point Way, Edgartown, MA (the "Saltzmans").

4. The Plaintiff Lee S. Saltzman is Trustee of the Richard B. Saltzman 2020 Family Trust, a trust established for the purpose of, without limitation, the intra-family transfer of assets (the "Trust"), and maintains his domicile in New York, New York.

5. The Trust maintains a partial, successor beneficial interest in the Property (defined below.)

6. The Saltzmans and the Trust are hereinafter collectively referred to as the "Plaintiffs".

7. The Defendant Martha's Vineyard Construction Company, Inc. is, upon information and belief, a duly organized Massachusetts corporation with its principal place of business at 37 Sachem Circle, West Tisbury, Massachusetts ("Defendant" or "MVCC").

8. MVCC is in the business of constructing, repairing and renovating residential structures in the Commonwealth of Massachusetts.

9. MVCC is not, however, licensed as engineers.

10. Nor is MVCC licensed as architects.

11. At all times material, the Plaintiffs are and have been the owners of record of the real property, including the single-family residential dwelling, situated at 65 King Point

Way, Edgartown, Dukes County, MA (the "Property"), the damage to which and arising from which is the subject of this civil action.

12. The Plaintiffs are successors in interest to 65 King Point Way, LLC with regards to the Property.

13. 65 King Point Way LLC was a Massachusetts limited liability company in which the Saltzmans had owned the entire beneficial interest.

14. The Property, at all times material, is and was used as a residence by the Saltzmans.

15. In September 2020, evidence of previously hidden catastrophic structural damage to the Property was first discovered.

16. The Property was occupied by the Saltzmans at the time.

17. It was at that time discovered that water infiltration had pervasively damaged hidden structural framing and other building components of the Property.

18. The source of this water infiltration was thereafter investigated.

19. It was determined that the water infiltration was occurring from multiple sources and had been occurring for a number of years and that the damage was pervasive.

20. MVCC has performed maintenance and repair work at the Property since at least 2016.

21. Over this period of time, MVCC undertook and performed maintenance tasks and miscellaneous repairs at the Property.

22. Among other things, MVCC has been called upon at various times since 2016 specifically to investigate water leaks in various areas of the Property.

23. MVCC undertook investigation and repair of reported water leaks at the Property at various times since August 2016.

24. As recently as September 2020, MVCC was called to return to the Property to investigate water infiltration into the Property.

25. At no time up to and through September 2020 did MVCC properly investigate and identify the sources of the water infiltration that have caused the damage complained of herein.

26. Namely, despite being called upon on multiple occasions to investigate and repair water leaks, MVCC failed to identify the sources of water infiltration that have caused pervasive structural damage—the discovery of which began in September 2020 and continued thereafter.

27. MVCC undertook investigation of reported water leaks at the Property in 2019.

28. MVCC undertook investigation of reported water leaks at the Property in 2018.

29. MVCC undertook investigation of reported water leaks at the Property in 2017.

30. MVCC undertook investigation of reported water leaks at the Property in 2016.

31. Each time MVCC undertook investigation of water leaks over this period, MVCC charged a fee for its services and, each time, the Saltzmans paid for these services in full.

32. On none of these occasions, however, did MVCC perform a proper investigation of the building envelope.

33. At no time on any of these prior occasions did MVCC identity to the Saltzman any presence or occurrence of damage to structural framing or other building components that were hidden from view.

34. Nor did MVCC, in any of these prior instances, engage or recommend the Saltzmans hire an engineer or other consultant qualified to opine on the integrity of the building envelope.

35. During its leak investigations and performance of responsive repairs prior to September 2020, MVCC did not, to the knowledge and belief of the Saltzmans, engage or consult with any such engineer or otherwise qualified individual.

36. Had MVCC done a proper investigation of the reported water leaks, the sources of the water infiltrating and causing damage to building components, support framing and superstructure that were hidden from view would have been identified.

37. Had the integrity of the building envelope been properly evaluated by or at the recommendation of MVCC, the hidden damage discovered in September 2020 and thereafter would have been averted.

38. With regards to its investigation of water leaks reported to it by the Saltzmans, MVCC had a duty to perform all tasks undertaken with skill and care reasonable to a construction professional.

39. At all times through September 2020, MVCC held itself out to the Saltzmans to be qualified to perform the leak investigation and repairs it undertook on their behalf.

40. The Saltzmans were reasonable in relying upon MVCC to do so and to do so properly and to the extent reasonable necessary.

41. The Saltzmans were reasonable in their reliance upon MVCC to have properly investigated the incidences of water infiltration so as to thereby prevent any occurrence of hidden damage.

42. The Saltzmans were reasonable in their reliance upon MVCC to have properly repaired the reported incidences of water infiltration so as to thereby prevent any occurrence of hidden damage.

43. The Saltzmans were reasonable in their belief that the work performed by MVCC on each such occasion repaired the corresponding incidence of water infiltration so as to prevent any occurrence of hidden damage.

44. Not only did MVCC's actions and inaction cause the hidden damage complained of herein but the very nature of such conduct prevented the Saltzmans' discovery of the ongoing water infiltration that caused such hidden damage.

45. In reliance upon MVCC, the Saltzmans had no reason to believe that the Property had sustained hidden damage to building components, structural framing and superstructure hidden from view.

46. Prior to September 2020, the Saltzmans had no knowledge or notice of the appreciable harm complained of herein; in the form of the hidden damage resulting from the failures of MVCC to properly investigate and identify the sources of water infiltration.

47. As previously stated, had MVCC properly investigated the reported water leaks, the sources of water infiltration would have been identified and the Property would not have sustained the hidden damage to building components and structural framing

nor the other associated damages and losses to the extent discovered in September 2020 and thereafter.

48. In fact, in connection with the discovery in September 2020 of the existence of hidden damage, MVCC did undertake a more thorough investigation of the water infiltration.

49. This included disassembly and demolition of building components in multiple areas and the exposure of hidden areas of damage to numerous building components including, without limitation, damaged LVLs, sheathing, and framing members as well as corroded structural steel members.

50. The hidden damage included rotted wood and corroded structural steel.

51. This hidden damage could, should and would have been prevented had MVCC undertaken a proper investigation when previously called upon to do so.

52. MVCC breached its duty to the Saltzmans by undertaking investigation of water infiltration and failing to do so with the requisite skill and reasonable care.

53. Among other things, MVCC knew or should have known that a more thorough and invasive investigation was required.

54. There were, in fact, multiple sources of water infiltration that MVCC failed to identify, failed to properly investigate, and/or failed to properly repair.

55. MVCC had a duty to perform its investigation of the reported water leaks with reasonable care and skill.  MVCC failed to do so.

56. As a direct result of these failures, water infiltration continued and thereby continued to impact building components that were hidden from view.

57. The hidden damage sustained to building components, including the structural members, and the associated damages and losses, to the extent discovered in September 2020 and thereafter, was the direct and proximate result of MVCC's breach of its duty to the Saltzmans.

58. Furthermore, in order to repair the newly discovered structural damage, extensive demolition was required thereby damaging and requiring the replacement of significant amounts of interior and exterior finishes and fixtures as well as mechanical building systems.

59. Additionally, upon information and belief, MVCC has at various times made misrepresentations of material facts to the Plaintiffs in violation of M.G.L.c.142A.

60. For example, on multiple occasions over the period of August 2016 through September 2020, MVCC misinformed the Saltzmans, either by act or omission, that it had addressed and corrected reported water leaks.

61. MVCC led the Saltzmans to understand on these multiple occasions that, as a result of the tasks undertaken by MVCC, for which it was paid in full, the reported instances of water infiltration had been repaired and corrected.

62. On multiple occasions prior to the discovery of hidden damage in September 2020 and thereafter, MVCC represented to the Saltzmans that it had remedied reported instances of water infiltration.

63. All such violations of M.G.L.c.142A also constitute violations of M.G.L.c.93A, §§2, 9.

64. In fact, on these prior occasions, MVCC had neither properly identified the sources of water infiltration nor remedied the underlying problems.

65. Despite this, MVCC charged a fee for its services to the Saltzmans and was paid for its services on each such occasion.

66. Although the Property was insured at the time the hidden damage was discovered in September 2020 and thereafter, the newly discovered hidden damage was not covered by any responsive policy of insurance.

67. More specifically, the newly discovered hidden damage was not covered by a policy of insurance the Saltzmans had in effect with AIG Property Casualty Company ("AIG").

68. AIG made payment to the Saltzmans for certain ensuing damage caused by water infiltration but not for the then and thereafter discovered hidden damages that are the subject of this action.

69. The damages claimed in this action are those for which the Saltzmans have not been compensated by insurance proceeds.

70. The damages claimed in this action are the Saltzmans' uninsured losses.

**COUNT I- NEGLIGENCE**

71. The Defendant had a duty to the Plaintiffs to perform its services with reasonable care and skill in a competent and workmanlike manner and in compliance with applicable standards and building laws of the Commonwealth of Massachusetts.

72. The Defendant failed to do so and has breached this duty to the Plaintiffs.

73. More specifically, the Defendant has breached its duty to the Plaintiffs, without limitation, as follows:

   a. failing to exercise reasonable care and skill in the performance of duties in the implementing and/or supervising of the investigation and repair activities at and around the Property, including, but not limited to, carelessly and negligently performing as follows:

      - failing to ensure that proper techniques were employed and proper standards observed and followed in responding to reported water infiltration;

      - failing to conduct investigation of water infiltration in a competent and workmanlike manner;

      - failing to properly investigate the original architectural drawings so as to recognize that certain as-built conditions differed from the original design in material respects;

      - failing to recognize and correct openings and moisture pathways in the building envelope;

      - failing to properly monitor the work of all agents and/or employees during the performance of the Defendant;

      - failing to perform leak investigation and repair in such a manner so as to ensure that the Property was not sustaining hidden damage to structural framing and superstructure;

      - failing to recognize and alert the Plaintiffs to the presence of potentially dangerous and defective conditions and other sources of water infiltration.

   b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

   c. failing to adequately warn of the likely harm and dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a) above;

    d. failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e. failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

    f. failing to retain competent, qualified and/or able agents, employees, consultants and/or other servants to perform the tasks set forth in subparagraph (a) above; and/or

    g. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

74. As a direct and proximate result of the Defendant's breach of its duty to the Plaintiffs, the Plaintiffs have sustained extensive damages and suffered grievous harm.

**COUNT II- BREACH OF CONTRACT**

75. The Defendant agreed on various occasions over the period between August 2016 and September 2020 to investigate and repair water leaks at the Property for the Saltzmans in exchange and consideration for payment by the Saltzmans for these services.

76. These agreements were memorialized in writing.

77. By failing to perform with reasonable care and skill on these multiple occasions over the period between April 2016 and September 2020, the Defendant breached its contractual obligations to Saltzmans.

78. More specifically, and without limitation, by failing to properly investigate and identify the sources of the reported water leaks the Defendant failed to perform with reasonable care and skill in breach of contract.

79. As a direct and proximate result of the Defendant's breach of the contract, the Saltzmans sustained extensive damages and suffered grievous harm.

**WHEREFORE** the Plaintiffs demand the following:

- Judgment to enter against the Defendant for all damages, interest, attorney's fees and the costs of this action; as well as
- Any and all relief deemed by this Honorable Court to be just and equitable.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all matters so triable.

        Respectfully submitted,
        **Plaintiffs,**
        **Bette A Saltzman,**
        **Richard B. Saltzman, and**
        **Lee S. Saltzman as Trustee of**
        **Richard B. Saltzman 2020 Family Trust;**
        By their attorney,

        */s/ Jason E. Cohn*

        _____
        Jason E. Cohn, Esq.
        COHN, RIOS & ANGLIN
        2 Center Plaza, 8th Floor
        Boston, MA 02108
        (617) 723-1720
        B.B.O. #638259
        jec@cohnriosanglin.com

March 16, 2022